UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGIO QUIROGA,

        Petitioner,                    Civil Action No. 12-cv-15407
                                                      HON. BERNARD A. FRIEDMAN

vs.

PETER ELLIOTT,

        Respondent.
_____/

**ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS AND MANDAMUS,
PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION AND
RESPONDENT'S MOTION TO DISMISS**

        On December 10, 2012, petitioner Sergio Quiroga filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he lost 41 days of good conduct time and nine-months credit for completion of a residential drug abuse treatment program because he tested positive after partaking in an erroneous drug test. He claims that a hair sample test would prove that the results of the drug test were erroneous. For the foregoing reasons, the Court will deny the petitions and all pending motions as moot.

**I.**        **Background**

        On July 1, 2008, Quiroga was sentenced to a 95-month term of imprisonment and four years of supervised release for conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. At the time he filed the instant petition, petitioner was a federal prisoner housed at the Residential Reentry Center–Renaissance House, in Detroit, Michigan. Petitioner had yet to receive his final disciplinary hearing or report and had not pursued administrative remedies to challenge the loss of good conduct time and loss of credit for completion

of the residential drug abuse program. On January 25, 2013, a hearing of the charges was conducted. Upon reviewing the evidence presented, the discipline hearing officer expunged the incident report documenting petitioner's drug use because the amount of morphine detected in his sample could not support a disciplinary action. Consequently, petitioner's 41 days of good conduct time were restored, he was returned to a residential reentry center and his release date for good conduct was changed back to a provisional release date.

While it appears that petitioner's initial provisional release date of April 8, 2013 was delayed, the Bureau of Prisons Inmate Locator now indicates that petitioner was released on June 7, 2013 and is no longer in custody. Thus, "no actual injury remains that the Court could redress with a favorable decision . . ." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009), and the Court must dismiss the petition as moot. *Id.* (citing *NAACP v. Parma*, 263 F.3d 513, 530 (6th Cir. 2001)); *see Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (stating that "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is denied as moot.

IT IS FURTHER ORDERED that the petition for writ of mandamus is denied as moot.

Civil Action No. 12-cv-15407

IT IS FURTHER ORDERED that petitioner's motion for expedited consideration is denied as moot.

IT IS FURTHER ORDERED that respondent's motion to dismiss the petition is denied as moot.

S/ Bernard A. Friedman\_\_\_\_\_
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 21, 2013
         Detroit, Michigan